BARBOUR, J.,
delivered the opinion of the .Court:
Ih relation to the first question propounded by the Superior Court, although it is laid in Blumfield’s Case, S Coke’s Reports, 87, that an execution of the body is no val-uábl'e execution, that is to say, that it is not a satisfaction of the" judgment, but only tends to satisfy, yet whilst the body is in custody, a new execution can never issue upon" the same judgment. 1 Wash. Rep. 95.' According to this doctrine, if, instead of a Defendant availing himself of the insolvent oath, he should be continued in execution, no other execution whatever could be issued against him; but, instead of so doing, the Defendant in this case does avail himself of the insolvent oath, the indispensable condition of which is, that he shall' surrender all his property, both real and personal, for the benefit of the Commonwealth.' Upon such surrender, he is directed by Law, to be discharged out of custody. After such discharge, if he were liable again to be arrested and imprisoned, by another Capias ad Satisfaciendum, cui bond is the discharge; for it might be repeated indefinitely, and thus the relief from imprisonment, be utterly illusory. It would seem,' then, that another Ca. Sa. ought not to be issued; nor ought a Pieri Pacias to be issued against a person thus discharged; because, a surrender of all his personal property being a necessary pre-requisite to his'discharge, there is nothing left upon which' a Pi. Pa. could operate.
It would seem as if the Legislature had considered, that as the Defendant’s imprisonment would itself produce no benefit to thé Plaintiff, and as during the continuance of such imprisonment, no other execution' could be resorted to which would produce any, they had not only not injured the' Plaintiff, but benefited hiln, by the discharge under the insolvent oath ; as the Plaintiff,, by the necessity of the Defendant’s surrendering all his real and personal éstate, got the benefit of a Pi. Pa. and more’'than the benefit of an Elegit, in the salé of both descriptions of property. Indeed," It was formerly held, that if a person takéh on a Ca. Sa. died in execution, the Plaintiff had no further remedy. See Bac. Abr; tit. “Execution,” let. D. and the authorities there cited. And the reason was, “ because *he determined his choice, by this kind of execution, which affecting a man’s liberty, is esteemed the highest and most rigid in the Law.” Provision was made for this case, by 21 Jac. 1, ch. 24, the substance of which we have enacted in 1 Rev. Code of 1819, <* 8, p. 528. Now, if in a Case, where the Plaintiff did nothing, and was in no default, but lost the effect of his execution, by act of God, to wit: the death of the party, he could pursue no other execution; a fortiori, it would seem to follow, that such would be the case, where the Defendant is by Law discharged out of custody, surrendering to the Plaintiff all his estate; whereas, in the other case, the Plaintiff got nothing; particularly when, as before stated, an imprisonment again, would make the discharge from custody illusory; and the surrender of the whole personal estate, left nothing on which a Pi. Pa. could operate. This opinion is fortified by the consideration, that in 1 Rev. Code, f 33, p. 538, the Legislature have given to individual creditors against their debtors, who have been discharged from custody, a further execution against after acquired real and personal estate; but has forbid their imprisonment again, except by order of the Court. But these provisions do not apply to a Case of the Commonwealth, (see 1 Virginia Cases, 138;) in which this Court decided, that the insolvent Law did not apply to a man imprisoned under a judgment for a misdemeanor. This decision produced the Act of 1803, (1 Rev. Code, i 44. p. 541,) by which, a person imprisoned under a judgment for an amercement, might avail himself of the insolvent Law, and be discharged; but it contains no provision for awarding any new execution after such discharge. The result is, that the discharge of a Defendant, under the circumstances stated in the first question, is an exoneration from all further liabilitjr.
The answer to the first question, furnishes a sufficient one to the second; and it follows, consequently, in answer to the third, that the judgment which the Court ought to give upon the whole record, should be to reverse the judgment of the County Court awarding the Writs of Capias ad Satis-faciendum against the Plaintiff in Error.
The following was entered as the judgment of the Court:
“The Court is of opinion, and doth decide, that the discharge of a Defendant from custody, under a Writ of Ca. Sa. on a judgment for an amercement, rendered on the *trial of an Indictment for a mis-demesnor, under the Act of 28th December, 1803, is an exoneration .for all further liability on such judgment; that, therefore, no Ca. Sa. after such discharge, could be properly awarded against the Defendant, and that the judgment which the Superior Court ought to give on the whole record, should be to reverse the judgment of the County Court awarding the Writs of Ca. Sa. against the Plaintiff in Error.”